# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

David J. Klein, Esq. - DK9675
Brach Eichler L.L.C.
101 Eisenhower Parkway
Roseland, NJ 07068
Attorneys for Plaintiffs

|  |  |
|---|---|
| **JOHN MARCHISI**, individually and d/b/a **JOHN MARCHISI STUDIOS**, | Civil Case No. |
| *Plaintiff,* |  |
| v. | **COMPLAINT AND JURY DEMAND** |
| **STEVE GOLDBERG, VINTAGE ROCKEFELLER WINES & SPIRITS GROUP CORP, DAVID PIERCE,** and **CLASSIC WINE SPIRITS, LLC,** |  |
| *Defendants.* |  |

Plaintiff John Marchisi individually and d/b/a John Marchisi Studios, by and through their undersigned attorneys, hereby states as follows:

## NATURE OF THE CASE

1.     Plaintiff brings this action to enforce his exclusive copyright and contract rights, and to redress deceptive and unfair business practices engaged in by Defendants. This case arises out of Defendants' misconduct relating to photographs created by Plaintiff in connection with a 2013 advertising and promotion campaign in support of Defendants' "Vintage Rockefeller Wine & Spirits Group" product line, which features lines of wines and spirits. Defendants have wrongly and extensively used at least three (3) and at most five (5) of Plaintiff's photographs without paying Plaintiff compensation agreed to by Defendants to obtain rights to use them and, therefore, they have violated their contractual obligations to Plaintiff and Plaintiff's copyrights in

those photographs. Defendants engaged in deceptive and unreasonable business conduct to justify their failure to pay the amounts agreed by Defendants for use of the photographs and, therefore, Defendants have engaged in willful, deliberate and bad faith infringement of Plaintiff's copyrights. Plaintiff seeks an injunction prohibiting Defendants from using Plaintiff photographs. Defendants also seek actual, consequential and statutory damages, including but not limited to statutory damages for willful copyright infringement, in an amount to be proven at trial of at least five hundred forty thousand dollars ($540,000).

## THE PARTIES

2.      Plaintiff John Marchisi d/b/a John Marchisi Studios ("Marchisi") is a citizen and resident of the State of New York and maintains a place of business at 8 Fox Hollow Drive, Blooming Groove, Orange County, New York 10914.

3.      Defendant Steve Goldberg ("Goldberg") is the President of Defendant Vintage Rockefeller Wine and Spirits Group a New York company with its principal place of business at 72 Guy Lombardo Ave #3, Freeport, NY 11520.

4.      Defendant Vintage Rockefeller Wine and Spirits Group Corp ("VRWSG") is a corporation organized and existing under the laws of the State of New York with its principal place of business at 72 Guy Lombardo Ave #3, Freeport, NY 11520.

5.      Defendant David Pierce ("Pierce") is the President of Classic Wine and Spirits, a Georgia company, with its principal place of business at 215 Hembree Park Drive; Suite 140, Roswell, Georgia.

6.      Defendant Classic Wine and Spirits, LLC ("CWAS") is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business at 215 Hembree Park Drive; Suite 140, Roswell, Georgia.

## JURISDICTION AND VENUE

7.      This is an action for copyright infringement and permanent injunctive relief under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*, (the "Copyright Act"), and for related state law claims of breach of contract and violation  of New York General Business Laws, Article 22A, § 349, and Article 24, § 360(L).

8.      This Court has original subject matter jurisdiction pursuant to the Copyright Act, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) and (b) (jurisdiction over copyright actions). Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental and pendent jurisdiction over the state claims herein in that these claims are related to, and form, part of, the same case and controversy as the federal claims herein.

9.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).  A substantial part of the events that give rise to the claims in this case including, but not limited to, acts of infringement, occurred within this District.  Further, some or all of the Defendants may be found in this District.

## FACTS

10.      Marchisi is a prominent, experienced, professional photographer whose work has been widely licensed and used by numerous clients throughout the United States and whose work has been featured in numerous venues including promotional campaigns focusing on luxury niche markets, particularly wedding related material.  Mr. Marchisi's work has been exhibited in galleries internationally, while also being featured in numerous publications, including Vogue Italia and National Geographic, Benjamin Kanarek - Paris and a multitude of online Fine Art and Fashion blogs.

11.     Marchisi does business as an unincorporated entity known as John Marchisi Studios ("Studio"). The Studio is a prominent and experienced source of wedding, portrait and other commercial photographic services, based in New York, New York and maintains offices at 8 Fox Hollow Drive, Blooming Groove, Orange County, New York 10914.

12.     VRWSG is a company engaged in the promotion of a wide range of wines and spirits, including Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne.

13.     CWAS is a distribution company engaged in the promotion and distribution of a wide range of wines and spirits, including Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne.

14.     CWAS is and was principally represented by Pierce when working with Goldberg and VRWSG. Pierce lived in New Jersey until December 2013 and worked in New York for CWAS when working with Goldberg and VRWSG during the time period relevant to this lawsuit

15.     For the reasons set forth herein, this Court has personal jurisdiction over the Defendants because they conduct substantial, extensive and continuous business in the State of New York and in this District.

16.     In addition to or alternatively, some Defendants maintain offices in the State of New York and in this District.

17.     In addition to or alternatively, Defendants have transacted business within New York and within this District in connection with the matters giving rise to this suit. Defendants have also committed infringing acts outside of New York causing injury to Plaintiff in New York, and Defendants regularly do or solicit business in New York and/or expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce.

18.     On or about September 2013, Defendants entered into an agreement with Plaintiff to which Marchisi would produce photographs for use by Defendants in connection with their 2013/2014 advertising and promotion campaign in support of Defendants' "Vintage Rockefeller Wine & Spirits Group" product line in exchange for fees in an agreed amount equal to Marchisi's customary charges.

19.     Specifically, Marchisi agreed to organize and direct a photo-shoot in New York, New York and to produce photographs for use by Defendants in connection with their 2013 advertising and promotion campaign in support of Defendants' "Vintage Rockefeller Wine & Spirits Group" product line.

20.     Studio assumed responsibility for organizing the photo shoot including retaining photographer Marchisi, obtaining photographic and lighting equipment and necessary props, and identifying an appropriate location for the photo-shoot.

21.     Studio also assumed responsibility for post-production activities necessary to produce final photographs, including retention of Marchisi to provide professional retouching and various other related consultations with agents and employees of Defendants.

22.     Defendant CWAS' and Defendant Pierce's primary responsibilities with regard to the photo-shoot was to assure Plaintiff of VRWSG's and Goldberg's desired to use Plaintiff' photographs to promote Vintage Rockefeller Wine & Spirits Group's product line and to ensure that Plaintiff's photos were delivered on a timely basis to VRWSG. Defendants also participated in the project at every stage, providing in advance samples of Vintage Rockefeller Wine & Spirits Group's product line and approving in advance the use of photographer (Marchisi).

23.     Plaintiff also agreed to provide Defendants with a license to use any photographs resulting from their creative work on the project.  In this connection, on or about December 2013

Marchisi provided Pierce with a license proposal. As is customary, the license fee of $ 2,500 per image per use plus an additional amount at the rate of $7,500 per day of shoot devoted by Marchisi plus $100 per hour to post-production activities following the photo shoot and other expenses was expected by Plaintiff. Taking into account post production, the total license payable to Plaintiff (excluding expenses) was $ 21,200 (twenty one thousand two hundred dollars).

24.     In fact, with Defendants' knowledge and approval, Marchisi devoted one day to art production at the photo-shoot, three hours to pre-production, and twelve hours days to post-production. Marchisi did not charge for pre-production time in an effort to reduce the cost to the Defendants.

25.     Pursuant to these agreements with Defendants, Marchisi successfully organized and directed a photo-shoot, which occurred in New York on November 4, 2013.

26.     Following the photo-shoot, Marchisi worked closely with Defendants' representatives to assure timely delivery to Defendants of finished photographs suitable for use in Defendants' promotional campaign. Because more than one hundred photographs were taken during the photo-shoot, selection of the final photographs for use in the promotion campaign was a complicated and time-consuming process. Defendants were anxious to begin promotion of certain specified merchandise immediately, and they requested that Marchisi cooperate by expediting the post-production process photographs of specified merchandise. Five (5) such photographs were identified and approved by Defendants on or about November 5, 2013. Given the fact that more than 86 photographs of interest had to be reviewed, it was a substantial accomplishment for Marchisi to have completed the project, including post-shoot production, in

just one month. In doing so, Studio's income production and marketing effort was significantly impaired due to Marchisi time being spent solely on Defendants' project.

27.    During November 2013 and December 2013 Marchisi communicated with Defendant Pierce in order to be paid Marchisi customary amount.

28.    On or about December 2013 Defendants refused to pay the amounts sought by the Plaintiff and instead countered with an offer of a basket of Defendants' products worth substantially less than the amount demanded by the Plaintiff. To date, Defendants have failed to make any payment to Plaintiff.

29.    In violation of clear contractual and legal obligations, Defendants fail to pay Plaintiff for their work. This failure by Defendants to pay their license fees and contractual obligations to Plaintiff constitutes material breaches of contractual and legal obligations, and has resulted in the loss by Defendants of any license or right which Defendants may otherwise have had to use the photographs in their advertising and promotional campaigns.

30.    Defendants have attempted to justify their failure to pay the full amount of their contractual obligations on the grounds that photographs taken by Marchisi and the retouched images provided by Marchisi were "not up to brand standard" and "substandard." Such claims proved to be false, misleading and deceptive.

31.    In fact, Marchisi fully cooperated in assuring that retouched photographs were available on the earliest possible date. Plaintiff further cooperated by combing through more than eighty photographs on an unusually expedited basis to facilitate selection of final photographs for use in the Defendants advertising campaign.

32.    Equally false, misleading, and deceptive was Defendants' assertion that the photographs were "substandard" or "not up to brand standard." In fact, Defendants posted at least

three and as many as five retouched photographs on their web site on or about January 2014, and they have continued to use these photographs in their promotional campaign at all times thereafter. Additionally, Plaintiff's photographs had been used for billboard, third party Internet sites, building signage, third party signage among other uses.

33.     Defendants' continuing and extensive use of the aforesaid photographs in their 2013/2014 promotional campaigns belies their assertion that the photographs are "sub-standard" or "not up to brand standard."

34.     Defendants' false assertion that the photographs were "not up to brand standard," "sub-standard" and "deficient" was a deceptive pretext which Defendants used to justify Defendants' failure to pay the full amount of their contractual obligations.

35.     Plaintiff has timely registered copyrights with the United States Copyright Office for each of the five photographs belonging to Plaintiff and which Defendants have wrongfully published and used in support of Defendants' 2013/2014 marketing campaign for promotion of a wide range of wines and spirits, including Empire Rockefeller Vodka and F. Rockefeller & Sons Vintage Champagne. The copyright registration number is VAu1-155-986 (registration date November 19, 2013).

36.     As a result of Defendants' aforesaid misconduct and material breaches of contract. Defendants have forfeited any license rights that they otherwise may have had to use the photographs.

37.     Defendants' unauthorized publications of at least three (3) and as many as five (5) photographs in the Defendants' Internet site and other media in support of Defendants' 2013/2014 marketing campaign for promotion of a wide range of wines and spirits, including

Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne, have repeatedly, willfully and in bad faith infringed Plaintiff' copyrights.

38.     Further, Defendants' conduct in connection with the aforesaid events has been deceptive, unfair, and in bad faith.

39.     Plaintiff has notified the Defendants of their unauthorized use of the Plaintiff' photos and demanded payment.  Defendants have acknowledged use of Plaintiff' photos and have willfully failed to stop using said photos, despite being notified of the legal difficulties associated with willful copyright infringement, of a minimum of $750 and maximum of $150,000 per work infringed.

**COUNT I**
**(Direct Copyright Infringement and Related Claims**
**Pursuant to 17 U.S.C. § 101 et seq.)**

40.     Plaintiff re-alleges and incorporates herein the allegations in Paragraphs 1 through 39.

41.     Plaintiff owns copyright interests in each of the five (5) photographs which Defendants have wrongfully used in connection with their 2013/2014 advertising and promotional campaign.

42.     Plaintiff have the exclusive right to prepare derivative works based upon the aforesaid five (5) photographs pursuant to 17 U.S.C. § 106(2).

43.     Defendants' copying, downloading, use, publication, modification, reproduction, display and distribution of each of the least three (3) and as many as five (5) photographs constitutes a violation of the Copyright Act, 17 U.S.C. § s 501(a), 106(1), 106(2) and 106(3) and all Defendants have been acting as infringers within the meaning of 17 U.S.C. § 105(a).

44. By Defendants' participation in the production, distribution, publication, downloading, display and exploitation of the least three (3) and as many as five (5) photographs, Defendants have knowingly and willfully infringed, authorized others to infringe, and intend to continue to infringe Plaintiff' copyrights of each of the least three (3) and as many as five (5) photographs.

45. As a proximate result of Defendants' copyright infringement, Plaintiff have suffered, and will continue to suffer, irreparable injury, some of which cannot be compensated in money damages if such wrongful conduct continues.

46. Plaintiff are entitled to a permanent injunction pursuant to 17 U.S.C. § 502 enjoining all Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act.

47. Plaintiff are entitled to a permanent injunction against all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the copying, distribution, displaying and/or exploitation of any of the aforesaid least three (3) and as many as five (5) photographs.

48. Plaintiff are entitled to recover from Defendants the damages, including pre-judgment interest, which Plaintiff sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

49. Plaintiff are entitled to the maximum statutory damages in the amount of $30,000.00 per infringement (at least $90,000) for at least of 3 acts of infringement), and/or

$150,000.00 per willful infringement of at least 3 photographs for at least $450,000, pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper under 17 U.S.C. § 504(c). Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

### COUNT II
### (Contributory Copyright Infringement and Related Claims
### Pursuant to 17 U.S.C. § 101 et seq.)

50.     Plaintiff realleges and incorporates herein the allegations in Paragraphs 1 through 49.

51.     Defendants' conduct, as alleged in this Complaint, constitutes contributory infringement of Plaintiff copyrights in violation of § 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

52.     Defendants directly encouraged, facilitated, and/or induced the unauthorized reproduction, adaptation, distribution, and public display of Plaintiff works by others.  Thus, Defendants are contributorily liable for Plaintiff damages resulting from same.

53.     Plaintiff are entitled to recover from the Defendants the damages that Plaintiff have sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of the Defendants' contributory infringements alleged in this Complaint, or in the alternative statutory damages, as well as attorneys fees, and including but not limited to such damages and awards as are available under 17. U.S.C. §§ 504-505.

54.     Plaintiff have no adequate remedy at law.

55.     Plaintiff are also entitled to such other and further relief and remedies as are available under the Copyright act, and /or which the Court may deem just and proper, including punitive damages.

56.     Plaintiff are entitled to a permanent injunction pursuant to 17 U.S.C. § 502 enjoining all Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act.

57.     Plaintiff are entitled to a permanent injunction against all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting   in concert with them, from engaging in or authorizing the copying, distribution, displaying and/or exploitation of any of the aforesaid least three (3) and as many as five (5) photographs.

58.     Plaintiff are entitled to recover from Defendants the damages, including pre-judgment interest, which Plaintiff sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

### COUNT III
### (Breach of Contract)

59.     Plaintiff realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 58.

60.     Defendants materially breached their contractual and license obligations to Plaintiff, including Plaintiff license and/or grant to Defendants of rights to use Plaintiff's copyrighted photographs.

61.     As a result of Defendants' aforesaid material breaches, Plaintiff licenses and/or grants to Defendants of rights to use Plaintiff photographs are terminated, null, void and

unenforceable, and Defendants have lost any rights they may otherwise have had to use such photographs.

62.    As the direct and proximate consequence of Defendants breaches of their contractual obligations to Plaintiff, Plaintiff have suffered actual and consequential damages in an amount to be determined at trial.

**COUNT IV**
**(Violation of New York General Business Law**
**Article 22A § 349 and Article 25, § 360(L))**

63.    Plaintiff re-allege and incorporate herein the allegations set forth above in Paragraphs 1 through 62.

64.    Defendants' deceptive actions for the purpose of avoiding their contractual obligations to Plaintiff constitute unlawful, unfair business practices and unfair competition under New York General Business Law Article 22(A) § 349.

65.    Defendants' false and deceptive assertions that photographs produced by Plaintiff were "substandard," "not up to brand standards," and "untimely delivered" have wrongly injured Plaintiff business reputation in violation of Article 24, § 360(1).

66.    As a result of Defendants aforesaid violations of New York law, Plaintiff have been irreparably harmed, and Plaintiff have suffered damages in an amount to be determined at trial.

**COUNT V**
**(Unjust Enrichment)**

67.    Plaintiff re-alleges and incorporates herein the allegations set forth above in Paragraphs 1 through 66.

68.    Defendants have been unjustly enriched in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

A. Enjoining Defendants from using Plaintiff' photographs for any purpose, including, but not limited to, their advertising and promotional campaigns for the promotion of a wide range of wines and spirits, including Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne;

B. Ordering an accounting of all revenue received by the Defendants as a result of their unlawful conduct;

C. Awarding Plaintiff: (1) Defendants' profits realized as a result of the copyright infringement, or in the Court's discretion, such sum as the Court finds to be just; (2) damages sustained by Plaintiff; (3) reasonable attorneys' fees; and (4) the costs of this action;

D. Awarding Plaintiff statutory damages in the amount of at least $540,000 and attorneys' fees pursuant to 17 U.S.C. §§ 504-505;

E. Awarding Plaintiff actual, consequential and punitive damages arising from Defendants' breaches of contract and violations of New York Law;

F. Awarding Plaintiff prejudgment and post-judgment interest on any monetary award in this action;

G. Awarding Plaintiff attorneys' fees and costs incurred in this action; and

H. Granting such other and further relief as to this Court deems just and proper.

Dated: June 17, 2014

_____
David J. Klein, Esq.
BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700
dklein@bracheichler.com
*Attorneys for Plaintiff*

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 17, 2014

_____

David J. Klein, Esq.
BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700
dklein@bracheichler.com
*Attorneys for Plaintiff*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| JOHN MARCHISI, individually and d/b/a JOHN MARCHISI STUDIOS<br>_____<br>*Plaintiff*<br><br>v.<br><br>STEVE GOLDBERG, VINTAGE ROCKEFELLER<br>WINES & SPIRITS GROUP CORP., DAVID PIERCE and<br>_____<br>*Defendants*<br>CLASSIC WINE SPIRITS, LLC | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   STEVE GOLDBERG, PRESIDENT
VINTAGE ROCKEFELLER WINE AND SPIRITS GROUP CORP.
72 GUY LOMBARDO AVENUE #3
FREEPORT, NY  10914

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   DAVID J. KLEIN, ESQ.
BRACH EICHLER L.L.C.
101 EISENHOWER PARKWAY
ROSELAND, NJ  07068

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____06/18/2014_____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____ _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                                 *Server's signature*

                                                                 _____
                                                                 *Printed name and title*


                                                                 _____
                                                                 *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| JOHN MARCHISI, individually and d/b/a JOHN MARCHISI STUDIOS | ) )  |
| *Plaintiff* | ) ) |
| v. | ) ) Civil Action No. |
| STEVE GOLDBERG, VINTAGE ROCKEFELLER WINES & SPIRITS GROUP CORP., DAVID PIERCE and CLASSIC WINE SPIRITS, LLC *Defendants* | ) ) ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   VINTAGE ROCKEFELLER WINE AND SPIRITS GROUP CORP.
72 GUY LOMBARDO AVENUE #3
FREEPORT, NY  11520

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   DAVID J. KLEIN, ESQ.
BRACH EICHLER L.L.C.
101 EISENHOWER PARKWAY
ROSELAND, NJ  07068

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____06/18/2014_____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| JOHN MARCHISI, individually and d/b/a JOHN MARCHISI STUDIOS | ) |
| _Plaintiff_ | ) |
| v. | ) |
| STEVE GOLDBERG, VINTAGE ROCKEFELLER WINES & SPIRITS GROUP CORP., DAVID PIERCE and | ) |
| _Defendants_ | ) |
| CLASSIC WINE SPIRITS, LLC | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   DAVID PIERCE, PRESIDENT
CLASSIC WINE AND SPIRITS
215 HEMBREE PARK DRIVE
SUITE 140
ROSWELL, GEORGIA  30076


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      DAVID J. KLEIN, ESQ.
BRACH EICHLER L.L.C.
101 EISENHOWER PARKWAY
ROSELAND, NJ  07068


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


_CLERK OF COURT_


Date: _____06/18/2014_____         _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____ . _____ . _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____                 _____
                                                 *Server's signature*

                                                 _____
                                                 *Printed name and title*


                                                 _____
                                                 *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | |
|---|---|
| JOHN MARCHISI, individually and d/b/a JOHN MARCHISI STUDIOS | ) ) ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| STEVE GOLDBERG, VINTAGE ROCKEFELLER WINES & SPIRITS GROUP CORP., DAVID PIERCE | ) ) ) |
| *Defendant* | ) |

and CLASSIC WINE SPIRITS, LLC,

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> CLASSIC WINE AND SPIRITS
> 215 HEMBREE PARK DRIVE
> SUITE 140
> ROSWELL, GEORGIA  30076

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     DAVID J. KLEIN, ESQ.
BRACH EICHLER L.L.C.
101 EISENHOWER PARKWAY
ROSELAND, NJ  07068

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____06/18/2014_____          _____
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                         *Server's signature*

                                                         _____
                                                         *Printed name and title*


                                                         _____
                                                         *Server's address*

Additional information regarding attempted service, etc: