UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lindsay Cambron, Esq. – LC6923
Brach Eichler L.L.C.
101 Eisenhower Parkway
Roseland, NJ  07068
Attorneys for Plaintiffs

| | |
|---|---|
| **JOHN MARCHISI**, individually and d/b/a **JOHN MARCHISI STUDIOS**, *Plaintiff,*  v.  **STEVE GOLDBERG, VINTAGE ROCKEFELLER WINES & SPIRITS GROUP CORP., DAVID PIERCE, CLASSIC WINE SPIRITS, LLC**, and **SPEEDWAY MOTORSPORTS, INC.,** *Defendants.* | Civil Case No. 7:14-cv-4553-CS  **SECOND AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff John Marchisi individually and d/b/a John Marchisi Studios ("Marchisi") hereby states as follows by way of Complaint against defendants Steve Goldberg ("Goldberg"), Vintage Rockefeller Wines & Spirits Group Corp. ("Vintage), David Pierce ("ierce"), Classic Wine Spirits, LLC ("Classic Wine") and Speedway Motorsports, Inc. ("SMI").

**JURISDICTION AND VENUE**

1.      This is an action for copyright infringement and permanent injunctive relief under the United States Copyright Act, 17 U.S.C. § 101 *et seq*., ("the Copyright Act") and for related state law claims for breach of contract.

2.      This Court has original subject matter jurisdiction pursuant to the Copyright Act, 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) and (b) (jurisdiction

over copyright actions). Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental and pendent jurisdiction over the related state claims asserted in this Complaint since these claims are related to, and form part of, the same case and controversy as the federal claims asserted.

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a). A substantial part of the events that give rise to the claims in this case including, but not limited to, acts of copyright infringement, occurred within this District. Further, some or all of the Defendants may be found in this District.

## NATURE OF THE CASE

4. Plaintiff brings this action to enforce his exclusive copyright and contract rights, and to redress deceptive and unfair business practices engaged in by Defendants. This case arises out of Defendants' misconduct relating to photographs created by Plaintiff in connection with a 2013/2014 advertising and promotion campaign for Vintage's "Vintage Rockefeller Wine & Spirits Group" product line, which features lines of wines and spirits. Defendants have wrongly, intentionally and extensively used approximately five (5) of Plaintiff's photographs without paying Plaintiff the contractually agreed upon compensation. Defendants Goldberg, Vintage, Pierce and Classic Wine ("the Wine Defendants") consequently had no right to use any of Plaintiff's photographs, and therefore have violated their contractual obligations to Plaintiff and violated Plaintiff's copyright rights in those photographs. The Wine Defendants engaged in deceptive and unreasonable business conduct to justify their failure to pay the amounts agreed to by Wine Defendants for use of the photographs, and therefore they have engaged in willful, deliberate and bad faith infringement of Plaintiff's copyrights. Plaintiff seeks an injunction prohibiting all Defendants from using Plaintiff' photographs. Plaintiff also seeks actual,

consequential and statutory damages, including but not limited to statutory damages for willful copyright infringement, in an amount to be proven at trial of at least five hundred forty thousand dollars ($540,000). In addition, Plaintiff seeks punitive damages for Defendants' intentionally, reckless and wanton use of Plaintiffs' copyright works without the right to do so.

## THE PARTIES

5. Marchisi is a citizen and resident of the State of New York having his principal place of business located at 8 Fox Hollow Drive, Blooming Groove, Orange County, New York 10914.

6. Vintage is a New York corporation with its principal place of business located at 72 Guy Lombardo Ave #3, Freeport, NY 11520.

7. Goldberg is the President of Vintage with his principal place of business located at 72 Guy Lombardo Ave #3, Freeport, NY 11520.

8. Classic Wine is a Georgia limited liability company with its principal place of business located at 215 Hembree Park Drive; Suite 140, Roswell, Georgia.

9. Pierce is the President of Classic Wine with his principal place of business located at 215 Hembree Park Drive, Suite 140, Roswell, Georgia.

10. SMI is a North Carolina corporation with its corporate headquarters located at 5555 Concord Parkway South, Concord, North Carolina.

## FACTS

11. Marchisi is a prominent, experienced and professional photographer whose work has been widely licensed and used by numerous clients throughout the United States. His work has been featured in numerous venues including promotional campaigns focused on luxury niche markets, particularly wedding related material. Marchisi's work has been exhibited in galleries

internationally and also featured in numerous publications, including Vogue Italia and National Geographic, Benjamin Kanarek - Paris and a multitude of online fine art and fashion blogs.

12. Marchisi does business as an unincorporated entity known as John Marchisi Studios, which is known a prominent and experienced source of wedding, portrait and other commercial photographic services based in New York City.

13. Vintage is a company engaged in the promotion of a wide range of wines and spirits, including Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne.

14. Classic Wine is a liquor distribution company engaged in the promotion and distribution of a wide range of wines and spirits, including Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne.

15. Classic Wine is/was principally represented by Pierce when working with Goldberg and Vintage. Pierce lived in New Jersey until December 2013 and worked in New York for Classic Wine when working with Goldberg and Vintage during the relevant time period in controversy.

16. SMI owns and operates a number of automobile racetracks, some of which operate "Vintage Rockefeller" branded bars at the racetracks.

17. For the reasons set forth herein, this Court has personal jurisdiction over Defendants because they conduct substantial, extensive and continuous business in the State of New York and in this District.

18. In addition, Defendants maintain offices and/or agents in the State of New York and in this District.

19. In addition, Defendants have transacted business within New York and within this District in connection with the matters giving rise to this suit. Defendants have also committed

infringing acts outside of New York causing injury to Plaintiff in New York, and Defendants regularly do or solicit business in New York and/or expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce.

20.   On or about September 2013, the Wine Defendants entered into a contract with Plaintiff for Marchisi to produce photographs for the Wine Defendants' use in connection with their 2013/2014 advertising and promotion campaign in support of Defendants' "Vintage Rockefeller Wine & Spirits Group" product line. In exchange for the creation and production of those photographs, the Wine Defendants agreed to pay Marchisi an amount equal to Marchisi's customary charges for such services.

21.   Specifically, Marchisi agreed to organize and direct a photo-shoot in New York City and to produce photographs for use by the Wine Defendants in connection with the 2013 advertising and promotion campaign.

22.   Marchisi assumed responsibility for organizing the photo shoot including retaining photographer Marchisi, obtaining photographic and lighting equipment and necessary props, and identifying an appropriate location for the photo-shoot.

23.   Marchisi also assumed responsibility for post-production activities necessary to produce final photographs, including providing professional retouching and various other related consultations with agents and employees of the Wine Defendants.

24.   Classic Wine's and Pierce's primary responsibilities with regard to the photo-shoot was to assure Marchisi that Vintage's and Goldberg's desire was to use Plaintiff' photographs to promote Vintage's product line, and to ensure that Plaintiff's photos were delivered on a timely basis to Vintage. The Wine Defendants participated in the project at every

stage, providing in advance samples of Vintage's product line and approving in advance the use of Marchisi as the photographer.

25.     In exchange for and contingent upon payment in full, Plaintiff also agreed to provide the Wine Defendants with a limited license to use the photographs taken by Marchisi during the photo shoot for the Wine Defendants' marketing campaign.

26.     Consequently, on or about December 2013, Marchisi provided Pierce with a license proposal. As is customary for Marchisi, he proposed: (i) a license fee of $2,500 per image per use; (ii) an additional amount at the rate of $7,500 per day of photographic shooting devoted by Marchisi; and (iii) an additional fee of $100 per hour for post-production activities following the photo shoot; and (iv) other expenses related to the project. Taking into account post production, the total license fee due and owing to Plaintiff (excluding expenses) was $21,200 in order for the Wine Defendants to have the limited licensing right to use the photographs for their marketing campaign.

27.     In fact, with Wine Defendants' knowledge and approval, Marchisi devoted one (1) day to art production at the photo shoot, three (3) hours to pre-production and twelve (12) hours days to post-production. Marchisi did not charge for pre-production time in an effort to reduce the cost to the Defendants.

28.     Pursuant to these agreements with Wine Defendants, Marchisi successfully organized and directed a photo shoot in New York City on November 4, 2013 to photograph the Wine Defendants' products.

29.     Following the photo shoot, Marchisi worked closely with the Wine Defendants' representatives to assure timely delivery to the Wine Defendants of finished photographs suitable for use in Wine Defendants' promotional campaign.

30. Because more than one hundred photographs were taken during the photo shoot, selection of the final photographs for use in the promotional campaign was a complicated and time-consuming process.

31. The Wine Defendants were anxious to begin promotion of certain specified merchandise immediately and requested that Marchisi cooperate by expediting the post-production process photographs of specified merchandise.

32. Accordingly, five (5) such photographs were identified and approved by the Wine Defendants on or about November 5, 2013. Given the fact that more than 86 photographs of interest had to be reviewed, it was a substantial accomplishment for Marchisi to have completed the project, including post-shoot production, in just one month.  In doing so, Marchisi's income production and marketing effort were significantly impaired due to Marchisi's time being spent solely on the Wine Defendants' project.

33. During November 2013 and December 2013, Marchisi communicated with Pierce in order to be paid for the services that Marchisi provided.

34. On or about December 2013, the Wine Defendants amazingly refused to pay Marchisi the amounts owed for his work, services and limited license.  Rather, the Wine Defendants only offered a basket of the Wine Defendants' products to Marchisi worth substantially less than the amount due and owing to Plaintiff.  To date, the Wine Defendants have failed and/or refused to make any payment to Plaintiff, and consequently have no licensing or legal right of any kind to use Plaintiffs' copyright works in their marketing campaign.

35. In violation of clear contractual and legal obligations, the Wine Defendants failed to pay Plaintiff for his work.

BE:4625707.1/MAR656-266952

36. This failure by the Wine Defendants to pay Marchisi's customary license fees and contractual obligations due and owing constitutes a material breach of the contractual agreement between the parties.

37. The Wine Defendants' breach resulted in Defendants having no licensing right or legal right of any kind to use Marchisi's photographs in the Wine Defendants' advertising and promotional campaigns.

38. The Wine Defendants have attempted to justify their failure to pay the full amount of their contractual obligations on the grounds that photographs taken by Marchisi and the retouched images provided by Marchisi were "not up to brand standard" and "substandard." Such claims proved to be false, misleading and deceptive. Regardless, the Wine Defendants' failure and/or refusal to make any payments to Marchisi result in the Wine Defendants' having absolutely no right to use Marchisi's copyrighted works.

39. In fact, Marchisi fully cooperated in assuring that retouched photographs were available on the earliest possible date. Plaintiff further cooperated by combing through more than eighty (80) photographs on an unusually expedited basis to facilitate selection of final photographs for use in the Wine Defendants' advertising campaign.

40. Equally false, misleading, and deceptive was Wine Defendants' assertion that the photographs were "substandard" or "not up to brand standard." To the contrary, the Wine Defendants posted approximately five (5) retouched photographs on their web site on or about January 2014, and have continuously used these photographs in their promotional campaign. Additionally, Plaintiff's photographs had been used for billboards, third-party internet sites, building signage, third-party signage and other uses without Marchisi's authorization.

BE:4625707.1/MAR656-266952

41. The Wine Defendants' unauthorized, intentional, continuous, systematic and extensive use of Marchisi's photographs in their 2013/2014 promotional campaigns contradicts the Wine Defendants' contention that the photographs are "sub-standard" or "not up to brand standard."

42. The Wine Defendants' false assertion that the photographs were "not up to brand standard," "sub-standard" and "deficient" was a deceptive pretext that the Wine Defendants used to justify their failure to pay the amounts they contractually owe to Marchisi.

43. Plaintiff has timely registered his copyrighted photographs with the United States Copyright Office for each of his five (5) photographs that the Wine Defendants wrongfully published and used in support of the Vintage 2013/2014 marketing campaign for promotion of a wide range of wines and spirits, including Empire Rockefeller Vodka and F. Rockefeller & Sons Vintage Champagne. The copyright registration number is VAu1-155-986 (registration date November 19, 2013).

44. As a result of the above conduct, the Wine Defendants have forfeited any license rights they had or otherwise may have had to use Marchisi's photographs for any purpose.

45. The Wine Defendants' unauthorized use and publication of approximately five (5) photographs on the Defendants' internet site and other media to support the Defendants' 2013/2014 marketing campaign for promotion of a wide range of wines and spirits, including Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne, has repeatedly, willfully, systematically and in bad faith infringed upon Plaintiff's copyrights.

46. The Wine Defendants' conduct in connection with the aforesaid events has been deceptive, unfair, and in bad faith.

BE:4625707.1/MAR656-266952

47. Plaintiff has notified the Wine Defendants of their unauthorized use of the Plaintiff' photos and demanded payment/termination of the Wine Defendants' use of the photographs. The Wine Defendants have acknowledged their use of Plaintiff' photographs and have nevertheless willfully failed and/or refused to stop using Marchisi's photographs, despite being notified of the legal consequences associated with willful copyright infringement in the form of a minimum of $750 per violation and maximum of $150,000 per work infringed.

48. On numerous dates, subsequent to November 5, 2013, SMI made unauthorized publication and use of at least one of Marchisi's subject photographs at one of SMI's race track operations.  Specifically, SMI used said photograph without any authorization, consent or legal right to do so at SMI's Las Vegas Motor Speedway, at the entrance gates to the racetrack, on banners at the racetrack, on the separate Mopar Drag Track Starting Line and at a minimum on nineteen (19) "Vintage Rockefeller" brand bars at the track.

49. SMI has never obtained any authorization or consent from Marchisi to use or publish his photographs for any commercial use of any kind.

50. Pierce and Goldberg themselves personally participated in the willful infringement of Marchisi's copyrights despite being fully aware that the Wine Defendants did not have the legal right or authorization to use those copyright works for any commercial purpose whatsoever.

## COUNT I
**(Direct Copyright Infringement and Related Claims
Pursuant to 17 U.S.C. § 101 et seq.)**

51. Plaintiff repeats and re-alleges each and every paragraph outlined above woht the same force and effect as if more fully set forth at length herein.

52.     Plaintiff's unilateral creation of the approximately five (5) photographs in controversy and his impression of those photographs into a tangible medium of expression makes Marchisi the statutory copyright owner of those photographs.

53.     Marchisi has registered the photographs with the United States Copyright Office.

54.     Plaintiff owns copyright interests in each of the five (5) photographs that the Wine Defendants have wrongfully used in connection with their 2013/2014 advertising and promotional campaign for their wine and spirit brands.

55.     Plaintiff alone has the exclusive right to prepare derivative works based upon the aforesaid five (5) photographs pursuant to 17 U.S.C. § 106(2).

56.     Defendants' copying, downloading, use, publication, modification, reproduction, display and distribution of each of the approximately five (5) photographs constitutes a violation of the Copyright Act, 17 U.S.C. § s 501(a),  106(1), 106(2) and 106(3) and all Defendants have been acting as infringers within the meaning of 17 U.S.C. § 105(a).

57.     By Defendants' participation in the production, distribution, publication, downloading, display and exploitation of the approximately five (5) photographs, Defendants have knowingly and willfully infringed, authorized others to infringe and/or intend to continue to infringe Plaintiff's copyrights works in the form of the five (5) photographs.

58.     As a proximate result of Defendants' copyright infringement, Plaintiff have suffered, and will continue to suffer, irreparable injury, some of which cannot be compensated in money damages.

59.     Plaintiff are entitled to a permanent injunction pursuant to 17 U.S.C. § 502 enjoining all Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-

BE:4625707.1/MAR656-266952

distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act.

60. Plaintiff are entitled to a permanent injunction against all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the copying, distribution, displaying and/or exploitation of any of the aforesaid least three (3) and as many as five (5) photographs.

61. Plaintiff is entitled to recover from Defendants the damages, including pre-judgment interest, which Plaintiff sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

62. Plaintiff are entitled to the maximum statutory damages in the amount of $30,000.00 per infringement and/or $150,000.00 per willful infringement pursuant to 17 U.S.C. § 504(c) and/or for such other amount as may be proper under 17 U.S.C. § 504(c).

63. Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505, as well as punitive damages, due to Defendants' malice, ill will and willful wrongdoing directed towards Plaintiff and his copyright works and services.

## COUNT II
### (Contributory Copyright Infringement and Related Claims Pursuant to 17 U.S.C. § 101 et seq.)

64. Plaintiff repeats and re-alleges each and every paragraph outlined above with the same force and effect as if more fully set forth at length herein.

65. Defendants' conduct outlined above constitutes contributory infringement of Plaintiff' copyrights in violation of § 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

66. Defendants directly encouraged, facilitated, and/or induced the unauthorized reproduction, adaptation, distribution, and public display of Plaintiff's copyright works by others. Thus, Defendants have contributory liability for Plaintiff's damages resulting from same.

67. Plaintiff is entitled to recover from Defendants the damages that Plaintiff has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of the Defendants' contributory infringements alleged in this Complaint, or in the alternative statutory damages, as well as attorneys fees, and including but not limited to such damages and awards as are available under 17. U.S.C. §§ 504-505.

68. Plaintiff is also entitled to such other and further relief and remedies as are available under the Copyright act, and /or which the Court may deem just and proper, including punitive damages.

69. Plaintiff is entitled to a permanent injunction pursuant to 17 U.S.C. § 502 enjoining all Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act.

70. Plaintiff is entitled to a permanent injunction against all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the copying, distribution, displaying and/or exploitation of any of the aforesaid approximately five (5) photographs.

BE:4625707.1/MAR656-266952

71. Plaintiff is entitled to recover from Defendants the damages, including pre-judgment interest, which Plaintiff sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

72. Plaintiff is entitled to statutory damages for Defendants' copyright infringements pursuant to 17 U.S.C. § 504(c) and/or for such other amount as may be proper under 17 U.S.C. § 504(c).

## COUNT III
**(Breach of Contract)**

73. Plaintiff repeats and re-alleges each and every paragraph outlined above with the same force and effect as if more fully set forth at length herein.

74. The Wine Defendants materially breached their contractual and licensing obligations to Plaintiff, including Plaintiff' contingent and limited license granting the Defendants the right to use Plaintiff's copyrighted photographs.

75. As a result of the Wine Defendants' aforesaid material breaches, Plaintiff's limited licenses and/or conditional grant to Defendants of the right to use Plaintiff's photographs are terminated, null, void and unenforceable, and Defendants have never legally received any right they may otherwise have had to use such photographs.

76. No assignment or licensing agreement of any kind between the parties exists for any alleged right by Defendants to use Marchisi's photographs for any commercial purposes.

77. As the direct and proximate consequence of the Wine Defendants' material breaches of their contractual obligations to Plaintiff, Plaintiff has suffered actual and consequential damages in an amount to be determined at trial.

## COUNT IV
### (Unjust Enrichment/Quantum Meruit)

78.     Plaintiff repeats and re-alleges each and every paragraph outlined above with the same force and effect as if more fully set forth at length herein.

79.     Defendants have been unjustly enriched in an amount to be proven at trial at the expense of Plaintiff, who was never paid for the services he provided to Defendants.

80.     The Wine Defendants received professional photography services from Marchisi but have failed to pay Marchisi for the reasonable value of his time and services contributed to the Wine Defendants' marketing and promotional campaign.

81.     Moreover, Marchisi is entitled by law to the reasonable value of his time and services contributed to the Wine Defendants' marketing and promotional campaign.

82.     As a result, Marchisi has been and will continue to be damaged.

**WHEREFORE**, Plaintiff demands judgment against all Defendants as follows:

(a)     enjoining Defendants from further using Plaintiff's photographs for any purpose whatsoever, including, but not limited to their advertising and promotional campaigns for the promotion of a wide range of wines and spirits, including Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne;

(b)     ordering an accounting of all revenue received by the Defendants as a result of their unlawful conduct so as to ascertain Plaintiff's damages;

(c)     awarding Plaintiff: (i) Defendants' profits realized as a result of their copyright infringement of Plaintiff's works or in the Court's discretion a sum the Court finds to be equitable just; (ii) damages sustained by Plaintiff; (iii) reasonable attorneys' fees; and (iv) all attorneys' fees and costs incurred by Plaintiff relating to of this action;

BE:4625707.1/MAR656-266952

(d)     statutory damages in the amount of at least $30,000 per copyright infringement, $150,000 per willful copyright infringement and attorneys' fees/court costs pursuant to 17 U.S.C. §§ 504-505;

(e)     actual, direct, consequential and punitive damages;

(f)     pre-judgment and post-judgment interest;

(g)     attorneys' fees and costs incurred in this action; and

(h)     any other and further relief as to this Court deems just and proper.

Dated: October 6, 2014

_____/s/_____
Lindsay Cambron, Esq. – LC6923
BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700
lcambron@bracheichler.com
*Attorneys for Plaintiff*

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 6, 2014

_____/s/_____
Lindsay Cambron, Esq. – LC6923
BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700
lcambron@bracheichler.com
*Attorneys for Plaintiff*