UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lindsay Cambron, Esq. – LC6923
Brach Eichler L.L.C.
101 Eisenhower Parkway
Roseland, NJ  07068
Attorneys for Plaintiffs

| | |
|---|---|
| **JOHN MARCHISI**, individually and d/b/a **JOHN MARCHISI STUDIOS**,<br><br>*Plaintiff,*<br><br>v.<br><br>**STEVE GOLDBERG, VINTAGE ROCKEFELLER WINES & SPIRITS GROUP CORP., DAVID PIERCE, CLASSIC WINE SPIRITS, LLC**, and **SPEEDWAY MOTORSPORTS, INC.,**<br><br>*Defendants.* | Civil Case No. 7:14-cv-4553-CS<br><br><br><br>**THIRD AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff John Marchisi individually and d/b/a John Marchisi Studios ("Marchisi") hereby states as follows by way of Complaint against defendants Steve Goldberg ("Goldberg"), Vintage Rockefeller Wines & Spirits Group Corp. ("Vintage), David Pierce ("Pierce"), Classic Wine Spirits, LLC ("Classic Wine") and Speedway Motorsports, Inc. ("SMI").

**JURISDICTION AND VENUE**

1.     This is an action for copyright infringement and permanent injunctive relief under the United States Copyright Act, 17 U.S.C. § 101 *et seq*. ("the Copyright Act") and for related state law claims for breach of contract.

2.     This Court has original subject matter jurisdiction pursuant to the Copyright Act, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) and (b) (jurisdiction

over copyright actions). Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental and pendent jurisdiction over the related state claims asserted in this Complaint since these claims are related to, and form part of, the same case and controversy as the federal claims asserted.

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a). A substantial part of the events that give rise to the claims in this case including, but not limited to, acts of copyright infringement, occurred within this District. Further, some or all of the defendants may be found in this District.

## NATURE OF THE CASE

4. Plaintiffs bring this action to enforce his exclusive copyright and contract rights, and to redress copyright violations and deceptive and unfair business practices engaged in by Defendants. This case arises out of defendants' misconduct relating to photographs created by plaintiffs in connection with a 2013/2014 advertising and promotion campaign for Vintage's "Vintage Rockefeller Wine & Spirits Group" product line, which features lines of wines and spirits. Defendants have wrongly, intentionally and extensively used approximately five (5) of Marchisi's photographs without paying Marchisi any compensation. Defendants Goldberg, Vintage, Pierce and Classic Wine ("the Wine Defendants") consequently had no right to use any of Marchisi's photographs, and therefore have violated Marchisi's copyright rights in those photographs. The Wine Defendants engaged in deceptive and unreasonable business conduct to justify their copyright infringement and have engaged in willful, deliberate and bad faith infringement of Marchisi's copyrights. Plaintiff seeks an injunction prohibiting all defendants from using Marchisi's photographs. Plaintiff also seeks actual, consequential and statutory damages, including but not limited to statutory damages for willful copyright infringement, in an

amount to be proven at trial of at least five hundred forty thousand dollars ($540,000). In addition, Plaintiff seeks damages for Defendants' intentionally, reckless and wanton use of Marchisi's copyright works without the right to do so.

## THE PARTIES

5. Marchisi is a citizen and resident of the State of New York having his principal place of business located at 8 Fox Hollow Drive, Blooming Groove, Orange County, New York 10914.

6. Vintage is a New York corporation with its principal place of business located at 72 Guy Lombardo Ave #3, Freeport, NY 11520.

7. Goldberg is the President of Vintage with his principal place of business located at 72 Guy Lombardo Ave #3, Freeport, NY 11520.

8. Classic Wine is a Georgia limited liability company with its principal place of business located at 215 Hembree Park Drive; Suite 140, Roswell, Georgia.

9. Pierce is the President and part owner of Classic Wine with his principal place of business located at 215 Hembree Park Drive, Suite 140, Roswell, Georgia.

10. SMI is a North Carolina corporation with its corporate headquarters located at 5555 Concord Parkway South, Concord, North Carolina. Marchisi has fully settled his claims against SMI and no further claims against SMI are set forth in this Third Amended Complaint as a result of such settlement.

## FACTS

11. Marchisi is a prominent, experienced and professional photographer whose work has been widely licensed and used by numerous clients throughout the United States. His work has been featured in numerous venues including promotional campaigns focused on luxury niche

markets, particularly wedding related material. Marchisi's work has been exhibited in galleries internationally and also featured in numerous publications, including Vogue Italia and National Geographic, Benjamin Kanarek - Paris and a multitude of online fine art and fashion blogs.

12. Marchisi does business as an unincorporated entity known as "John Marchisi Studios" which is known a prominent and experienced source of wedding, portrait and other commercial photographic services based in New York City.

13. Vintage is a company engaged in the promotion of a wide range of wines and spirits, including Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne.

14. Classic Wine is a liquor distribution company engaged in the promotion and distribution of a wide range of wines and spirits, including Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne.

15. Classic Wine is/was principally represented and owned by Pierce when working with Goldberg and Vintage. Pierce lived in New Jersey until December 2013 and worked in New York for Classic Wine when working with Goldberg and Vintage during the relevant time period in controversy.

16. SMI owns and operates a number of automobile racetracks, some of which operate "Vintage Rockefeller" branded bars at the racetracks.

17. For the reasons set forth herein, this Court has personal jurisdiction over Defendants because they conduct substantial, extensive and continuous business in the State of New York and in this District.

18. In addition, Defendants maintain offices and/or agents in the State of New York and in this District.

BE:4977194.1/MAR656-266952

19. In addition, Defendants have transacted business within New York and within this District in connection with the matters giving rise to this suit. Defendants have also committed infringing acts outside of New York causing injury to Plaintiff in New York, and Defendants regularly do or solicit business in New York and/or expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce.

20. Pierce approached Marchisi in mid-September 2013 asking Marchisi to photograph bottles of various Vintage wines and spirits for Vintage's advertising, marketing and promotion campaign.

21. Pierce and Marchisi had known each other since college and Pierce was aware that Marchisi was a reputable and capable photographer in the industry.

22. Pierce advised Marchisi that Pierce was affiliated with, and had an ownership interest in, Classic Wine and that Classic Wine was going to be distributing Vintage products.

23. Pierce asked Marchisi to photograph Vintage's product bottles in connection with Vintage's 2013/2014 advertising and promotion campaign in support of Defendants' "Vintage Rockefeller Wine & Spirits Group" product line.

24. Pierce as an owner and President of Classic Wines, and Class Wines as distributor of Vintage products, needed the marketing campaign to generate sales for their respective businesses, and thus needed photographs of Vintage's product line for the marketing campaign.

25. Pierce initially asked Marchisi to shoot and provide the photographs for free based upon Pierce's college relationship with Marchisi. Marchisi declined to do so.

26. In response, Pierce then advised Marchisi that Vintge would pay for use of Marchisi's photographs after reviewing Marchisi's proofs and determining whether or not

Vintage wanted to use Marchisi's photographs in Vintage's marketing campaign. In the event Vintage determined it want to use the photographs in its marketing campaign, then Vintage would pay Marchisi for the use of the photographs based upon a licensing agreement between Vintage and Marchisi to be determined at such a future time.

27. Marchisi in response agreed to photograph the bottles, perform creative art direction and perform post-production work needed due to the labels on the bottles being scratched and damaged, but advise that if Vintage liked his photographs, Vintage would have to pay industry market rates for any use of Marchisi's photographs in Vintage's marketing and promotional campaign.

28. Pierce, on behalf of Classic Wines and Vintage Rockefeller, agreed to Marchisi's terms and conditions for shooting and creating the photographs.

29. Pierce subsequently provided the Vintage Rockefeller bottles to Marchisi for Marchisi to photograph them.

30. Marchisi then organized and directed a photo-shoot in New York City to produce photographs for use by the Wine Defendants in connection with the 2013 advertising and promotion campaign. Marchisi assumed responsibility for organizing the photo shoot, including retaining photographer Marchisi, obtaining photographic and lighting equipment and necessary props and identifying an appropriate location for the photo-shoot.

31. Marchisi also assumed responsibility for post-production activities necessary to produce final professional photographs, including providing professional retouching and various other related consultations with agents and employees of the Wine Defendants.

32. Marchisi photographed the Vintage bottles, performed his post-production work and handed over protected "watermarked" proofs of the completed copyrighted photographs to Pierce on or about November 5, 2013.

33. Marchisi invested tremendous amount of time and resources into photographing the Vintage bottles such as photographing the actual bottles, the shoot time, creative art direction, post-production work needed, performing re-illustration work, etc. so that the finished photographs would be of professional and acceptable quality according to industry standards.

34. Following the photo shoot, Marchisi worked closely with the Wine Defendants' representatives to assure timely delivery to the Wine Defendants of finished photographs suitable for use in Wine Defendants' promotional campaign.

35. Because more than one hundred photographs were taken during the photo shoot, selection of the final photographs for use in the promotional campaign was a complicated and time-consuming process.

36. The Wine Defendants were anxious to begin promotion of certain specified merchandise immediately and requested that Marchisi cooperate by expediting the post-production process photographs of specified merchandise.

37. Accordingly, five (5) such photographs were identified and approved by the Wine Defendants on or about November 5, 2013. Given the fact that more than 86 photographs of interest had to be reviewed, it was a substantial accomplishment for Marchisi to have completed the project, including post-shoot production, in just one month.  In doing so, Marchisi's income production and marketing effort were significantly impaired due to Marchisi's time being spent solely on the Wine Defendants' project.

BE:4977194.1/MAR656-266952

38. After Pierce presented Marchisi's protected "watermarked" proofs to Goldberg to determine whether or not Vintage wanted to utilize Marchisi's copyrighted photographs in Vintage's marketing campaign, Vintage expressly wrote and advised that Vintage did not like the proofs and did not want to use them, calling them "substandard" and "not up to brand standard."

39. As a result, Marchisi expressly advised Pierce that Marchisi would not provide the actual digital files of the finished photographs to Pierce, Goldberg or Vintage for use in Vintage's marketing and advertising campaign. Additionally, Marchisi expressly advised Pierce that Marchisi would not authorize the Wine Defendants to use the photographs in Vintage's marketing and advertising campaign.

40. Subsequently, Pierce asked Marchisi if Pierce and Classic Wine could use Marchisi's photographs for Classic Wine's website only.

41. Marchisi responded that Classic Wine and Pierce could only use the photographs for Classic Wine's own website based upon the past relationship between Marchisi and Pierce, but that the photographs were not to be provided to Vintage or to be used by Vintage under any circumstances whatsoever.

42. Classic Wine's and Pierce's primary responsibilities with regard to the photo-shoot was to assure Marchisi that Vintage's and Goldberg's desire was to use Marchisi's photographs to promote Vintage's product line, and to ensure that Marchisi's photos were delivered on a timely basis to Vintage. The Wine Defendants participated in the project at every stage, providing in advance samples of Vintage's product line and approving in advance the use of Marchisi as the photographer.

43. Pierce and Classic Wine agreed to Marchisi's conditions and agreed the photographs would not be provided to Vintage and/or used by Vintage in any manner.

BE:4977194.1/MAR656-266952

44. Had Vintage expressed a desire to use Marchisi's photographs, Marchisi would have granted Vintage a one-year limited license to use the photographs on Vintage's website and print materials only at a rate of $2,500 to $6,000 per image subject to future renewal on new terms, plus an additional $4,750 per image if Vintage desired to use an such image on a billboard advertisement.  In addition, Marchisi would have conditioned such a limited license on payment in full for his production time according to industry standards.

45. On or about April 17, 2014, Marchisi discovered that Vintage, Goldberg, Classic Wine and Pierce were improperly and without authorization using Marchisi's five photographs in Vintage's marketing and promotional campaign. Marchisi was able to trace the commencement of such unauthorized use by the Wine Defendants to as far back to at least February 10, 2014.

46. Marchisi immediately contacted Pierce in order to be paid for the services that Marchisi provided and to receive compensation for the unauthorized use of Marchisi's copyrighted photographs.

47. The Wine Defendants though amazingly refused to pay Marchisi for defendants' unauthorized use of Marchisi's copyrighted photographs.  Rather, the Wine Defendants insultingly only offered a basket of the Wine Defendants' products to Marchisi worth substantially less than the amount due and owing to Marchisi.

48. To date, the Wine Defendants have failed and/or refused to make any payment to Marchisi, and consequently have no licensing or legal right of any kind to use plaintiffs' copyright works in the Wine Defendants' marketing campaign or any of their print, website or billboard marketing materials.

49. Worse, Vintage and the other Wine Defendants continued to improperly use Marchisi's five (5) photographs in their marketing and promotional campaign, despite being

placed on notice by Marchisi that they were using Marchisi's copyrighted works without Marchisi's authorization or consent.

50. The wine Defendants' actions constitute violation of the Copyright Act entitling Marchisi to actual damages and statutory damages.

51. The Wine Defendants' clandestine and deceptive actions resulted in the Wine Defendants having no licensing right or legal right of any kind to use Marchisi's photographs in the Wine Defendants' advertising and promotional campaigns.

52. The Wine Defendants have attempted to justify their failure to pay the full amount of their contractual obligations on the grounds that photographs taken by Marchisi and the retouched images provided by Marchisi were "not up to brand standard" and "substandard." Such claims proved to be false, misleading and deceptive given Vinatge's heavy use of the photographs after claiming Vintage did not like the photos and did not want to use them.

53. Regardless, the Wine Defendants' failure and/or refusal to make any payments to Marchisi result in the Wine Defendants' having absolutely no right to use Marchisi's copyrighted works.

54. In fact, Marchisi fully cooperated in assuring that retouched photographs were available on the earliest possible date. Plaintiff further cooperated by combing through more than eighty (80) photographs on an unusually expedited basis to facilitate selection of final photographs for use in the Wine Defendants' advertising campaign.

55. Equally false, misleading, and deceptive was Vintage's and Goldberg's assertion that the photographs were "substandard" or "not up to brand standard." To the contrary, Vintage and Goldberg posted approximately five (5) retouched photographs on their web site on or about January 2014, and have continuously used these photographs in their promotional campaign.

BE:4977194.1/MAR656-266952

56. Additionally, Plaintiff's photographs had been used by the Wine Defendants for billboards, third-party internet sites, building signage, third-party signage and other uses without Marchisi's authorization or any license from Marchisi.

57. The Wine Defendants' unauthorized, intentional, continuous, systematic and extensive use of Marchisi's photographs in their 2013/2014 promotional campaigns contradicts the Wine Defendants' contention that the photographs are "sub-standard" or "not up to brand standard," and that Vintage did not want to use the photographs.

58. The Wine Defendants' false assertion that the photographs were "not up to brand standard," "sub-standard" and "deficient" was a deceptive and intentional pretext that the Wine Defendants used to justify their failure to pay Marchisi for the right to use Marchisi's copyright works.

59. Plaintiff has timely registered his copyrighted photographs with the United States Copyright Office for each of his five (5) photographs that the Wine Defendants wrongfully published and used in support of the Vintage 2013/2014 marketing campaign for promotion of a wide range of wines and spirits, including Empire Rockefeller Vodka and F. Rockefeller & Sons Vintage Champagne. The copyright registration number is VAu1-155-986 (registration date November 19, 2013).

60. The Wine Defendants' unauthorized use and publication of approximately five (5) photographs on the Defendants' internet site and other media to support the Defendants' 2013/2014 marketing campaign for promotion of a wide range of wines and spirits, including Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne, has repeatedly, willfully, systematically and in bad faith infringed upon Marchisi's copyrights.

BE:4977194.1/MAR656-266952

61. The Wine Defendants' conduct in connection with the aforesaid events has been deceptive, unfair, and in bad faith.

62. Plaintiff has notified the Wine Defendants of their unauthorized use of the Plaintiff' photos and demanded payment/termination of the Wine Defendants' use of the photographs. The Wine Defendants have acknowledged their use of Plaintiff' photographs and have nevertheless willfully failed and/or refused to stop using Marchisi's photographs, despite being notified of the legal consequences associated with willful copyright infringement in the form of a minimum of $750 per violation and maximum of $150,000 per work infringed.

63. The Wine Defendants have also made unauthorized publication and use of at least one of Marchisi's subject photographs at one of SMI's race track operations. Specifically, Vintage and the other Wine Defendants used said photographs without any authorization, consent or legal right to do so at SMI's Las Vegas Motor Speedway, at the entrance gates to the racetrack, on banners at the racetrack, on the separate Mopar Drag Track Starting Line and at a minimum on nineteen (19) "Vintage Rockefeller" brand bars at the track.

64. The Wine Defendants never obtained any authorization or consent from Marchisi to use or publish his photographs for any commercial use of any kind.

65. Pierce and Goldberg themselves personally participated in the willful infringement of Marchisi's copyrights, despite being fully aware that the Wine Defendants did not have the legal right or authorization to use those copyright works for any commercial purpose whatsoever.

BE:4977194.1/MAR656-266952

## COUNT I
### (Direct Copyright Infringement and Related Claims
### Pursuant to 17 U.S.C. § 101 et seq.)

66. Plaintiff repeats and re-alleges each and every paragraph outlined above woht the same force and effect as if more fully set forth at length herein.

67. Marchisi's unilateral creation of the approximately five (5) photographs in controversy and his impression of those photographs into a tangible medium of expression makes Marchisi the statutory copyright owner of those photographs.

68. Marchisi has registered the photographs with the United States Copyright Office.

69. Marchisi owns copyright interests in each of the five (5) photographs that the Wine Defendants have wrongfully used in connection with their 2013/2014 advertising and promotional campaign for their wine and spirit brands.

70. Marchisi alone has the exclusive right to prepare derivative works based upon the aforesaid five (5) photographs pursuant to 17 U.S.C. § 106(2).

71. The Wine Defendants' copying, downloading, use, publication, modification, reproduction, display and distribution of each of the approximately five (5) photographs violates the Copyright Act, 17 U.S.C. § s 501(a), 106(1), 106(2) and 106(3) and all Wine Defendants have been acting as infringers within the meaning of 17 U.S.C. § 105(a).

72. By the Wine Defendants' participation in the production, distribution, publication, downloading, display and exploitation of the approximately five (5) photographs, the Wine Defendants have knowingly and willfully infringed, authorized others to infringe and/or intend to continue to infringe Marchisi's copyrights works in the form of the five (5) photographs.

73. As a proximate result of the Wine Defendants' copyright infringement, Marchisi has suffered, and will continue to suffer, irreparable injury, some of which cannot be compensated in money damages.

74. Marchisi is entitled to a permanent injunction pursuant to 17 U.S.C. § 502 enjoining all Wine Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act.

75. Marchisi is entitled to a permanent injunction against all Wine Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the copying, distribution, displaying and/or exploitation of any of the aforesaid least three (3) and as many as five (5) photographs.

76. Marchisi is entitled to recover from the Wine Defendants the damages, including pre-judgment interest, that Marchisi has sustained and will sustain, and any income, gains, profits, and advantages obtained by Wine Defendants as a result of their wrongful acts pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

77. Marchisi is entitled to the maximum statutory damages in the amount of $30,000.00 per infringement and/or $150,000.00 per willful infringement pursuant to 17 U.S.C. § 504(c) and/or for such other amount as may be proper under 17 U.S.C. § 504(c).

78. Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 due to the Wine Defendants' wrongful actions.

BE:4977194.1/MAR656-266952

## COUNT II
### (Contributory Copyright Infringement and Related Claims Pursuant to 17 U.S.C. § 101 et seq.)

79. Plaintiff repeats and re-alleges each and every paragraph outlined above with the same force and effect as if more fully set forth at length herein.

80. The Wine Defendants' conduct outlined above constitutes contributory infringement of Marchisi's copyrights in violation of § 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

81. The Wine Defendants directly encouraged, facilitated, and/or induced the unauthorized reproduction, adaptation, distribution, and public display of Marchisi's copyright works by others. Thus, the Wine Defendants have contributory liability for Marchisi's damages resulting from same.

82. Marchisi is entitled to recover from the Wine Defendants the damages that Marchisi has sustained and will sustain, and any gains, profits and advantages obtained by the Wine Defendants as a result of the Wine Defendants' contributory infringements alleged in this Complaint, or in the alternative statutory damages, as well as attorneys fees, and including but not limited to such damages and awards as are available under 17. U.S.C. §§ 504-505.

83. Plaintiff is also entitled to such other and further relief and remedies as are available under the Copyright Act, and /or which the Court may deem just and proper, including actual and statutory damages.

84. Marchisi is entitled to a permanent injunction pursuant to 17 U.S.C. § 502 enjoining all Wine Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act.

BE:4977194.1/MAR656-266952

85. Marchisi is entitled to a permanent injunction against all Wine Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the copying, distribution, displaying and/or exploitation of any of the aforesaid approximately five (5) photographs.

86. Marchisi is entitled to recover from the Wine Defendants the damages, including pre-judgment interest, that Marchisi has sustained and will sustain, and any income, gains, profits, and advantages obtained by the Wine Defendants as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial.

87. Marchisi is entitled to statutory damages for Defendants' copyright infringements pursuant to 17 U.S.C. § 504(c) and/or for such other amount as may be proper under 17 U.S.C. § 504(c).

## COUNT III
### (Unjust Enrichment/Quantum Meruit)

88. Plaintiff repeats and re-alleges each and every paragraph outlined above with the same force and effect as if more fully set forth at length herein.

89. The Wine Defendants never paid for any contractual licensing rights necessary for the Wine Defendants to have any legal right to use Marchisi's copyrighted photographs in any marketing or promotional materials for Vintage's product lines.

90. No assignment or licensing agreement of any kind between the parties exists for any alleged right by the Wine Defendants to use Marchisi's photographs for any commercial purposes relating to Vintage's marketing and promotional campaign and materials.

91. The Wine Defendants' failure and/or refusal to pay Marchisi for use of plaintiffs' copyrighted photographs and for Marchisi's time, labor and resources used to create the

- 16 -

photographs has resulted in the unjust enrichment of the Wine Defendants at the expense of Marchisi.

92. The Wine Defendants received professional photography services from Marchisi but have failed to pay Marchisi for the reasonable value of his time, services and roducts contributed to the Wine Defendants' marketing and promotional campaign.

93. Marchisi is entitled by law to the reasonable value of his time and services contributed to the Wine Defendants' marketing and promotional campaign.

94. As a result, Marchisi has been and will continue to be damaged.

**WHEREFORE**, Marchisi demands judgment against Vintage, Goldberg, Classic Wines and Pierce as follows:

(a) enjoining the Wine Defendants from further using Marchisi's copyright works/photographs for any purpose whatsoever, including, but not limited to Vintage's advertising and promotional campaigns for the promotion of a wide range of wines and spirits, including Empire Rockefeller Vodka, and F. Rockefeller & Sons Vintage Champagne;

(b) ordering an accounting of all revenue received by the Wine Defendants as a result of their unlawful conduct so as to ascertain Marchisi's damages;

(c) awarding Marchisi: (i) the Wine Defendants' profits realized as a result of their copyright infringement of Marchisi's works or in the Court's discretion a sum the Court finds to be equitable just; (ii) damages sustained by Marchisi; (iii) reasonable attorneys' fees and costs; and (iv) all attorneys' fees and costs incurred by Marchisi relating to of this action;

(d) statutory damages in the amount of at least $30,000 per copyright infringement, $150,000 per willful copyright infringement and attorneys' fees/court costs pursuant to 17 U.S.C. §§ 504-505;

BE:4977194.1/MAR656-266952

(e) actual, direct, consequential and statutory damages;

(f) pre-judgment and post-judgment interest;

(g) attorneys' fees and costs incurred in this action; and

(h) any other and further relief as to this Court deems just and proper.

Dated: December 29, 2014

_____/s/_____
Lindsay Cambron, Esq. – LC6923
BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700
lcambron@bracheichler.com
*Attorneys for Plaintiffs*

**DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: December 29, 2014

_____/s/_____
Lindsay Cambron, Esq. – LC6923
BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700
lcambron@bracheichler.com
*Attorneys for Plaintiffs*